**Frank DELLATTE, Plaintiff–Appellant,**

v.

**GREAT NECK UNION FREE SCHOOL DISTRICT, Michael Rufus, and Robert Devlin, Defendants–Appellees.**

No. 10–4348–cv.

United States Court of Appeals, Second Circuit.

Jan. 20, 2012.

Amended Jan. 24, 2012.

Alan E. Wolin, Wolin & Wolin, Jericho, NY, for Plaintiff–Appellant.

Joseph Carbonaro, Frazer & Feldman, LLP, Garden City, NY, for defendants-appellees Great Neck Union Free School District and Robert Devlin.

Maurizio Savoiardo, Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY, for defendant-appellee Michael Rufus.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER, RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant Frank Dellatte, who is employed by the Great Neck Union Free School District (the "District") as a cleaner, appeals from a judgment of the District Court dismissing his First Amendment retaliation action, brought pursuant to 42 U.S.C. § 1983, against the District, Michael Rufus (head custodian and direct supervisor), and Robert Devlin (Director of Maintenance), for failure to state a claim on which relief can be granted, Fed. R.Civ.P. 12(b)(6).

We review *de novo* a district court's dismissal of a complaint for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), accepting all well-pleaded, factual allegations in the complaint as true and drawing all inferences in

favor of the plaintiff. *See, e.g., Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (holding that a claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' ... [n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555, 557, 127 S.Ct. 1955).

Following our *de novo* review of the record as a whole, we affirm the judgment of the District Court because the speech at issue, based on its "content, form, and context," did not "address[ ] a matter of public concern." *Sousa v. Roque,* 578 F.3d 164, 175 (2d Cir.2009) (internal quotation marks omitted).

We have considered all of Dellatte's arguments on appeal and find them to be without merit. For the reasons stated above, the judgment entered September 30, 2010 is **AFFIRMED.**